IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL RAYMOND, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CECELIA RAYMOND, JOSEPH F. )<br>MIRABELLA, GEORGE S. FREDRICK, )<br>LYNN M. MIRABELLA, JOHN B. KINCAID, )<br>MIRABELLA & KINCAID, P.C., FRANK )<br>RABBITTO and PROFESSIONAL CLAIMS )<br>BUREAU, Inc., )<br>)<br>Defendants. ) | Case No. 03 C 9150 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Michael Raymond has sued his former spouse, Cecelia Raymond, her attorneys, Joseph Mirabella, George Fredrick, Lynn Mirabella, and John Kincaid, the law firm Mirabella & Kincaid, P.C. (collectively, "Mirabella & Kincaid"), Frank Rabbito, and Professional Claims Bureau, Inc., alleging that the defendants violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, *et seq.*, by illegally obtaining and using Michael Raymond's credit report in connection with the Raymonds' divorce proceedings. This case is before the Court on the Mirabella & Kincaid defendants and Professional Claims Bureau's motions for summary judgment. For the reasons stated below, the Court grants Professional Claims Bureau's motion for summary judgment and denies the Mirabella & Kincaid defendants' motion for summary judgment.

1

## Facts

This case is the product of a highly contentious divorce between Michael and Cecelia Raymond. In April 2001, Cecelia filed for divorce in the Circuit Court of DuPage County, Illinois. She retained Mirabella & Kincaid to represent her in the proceedings. During the course of discovery, Cecelia turned over a box of documents to her attorneys, which, according to the defendants, included a five-page document that appears to be a portion of Michael's credit report. As these motions do not involve Cecelia, the Court need not delve into how she might have acquired the report. Michael seems to suggest that the law firm knew about the existence of the credit report prior to this time. Regardless of the timing, it is undisputed that Mirabella & Kincaid possessed a copy of the document. The partial report does not contain Michael's name, a date, or any indication of what company issued the report. *See* Pl's Ex. 14.

Michael contends that Mirabella & Kincaid used information obtained from the report to issue deposition subpoenas in April 2002 to several third parties in the divorce matter, including Circuit City and Homemaker's Furniture. Michael reasons that defendants could not otherwise have known that he maintained accounts with these companies, thus, they must have obtained this knowledge from the credit report. In addition, Ben Raymond, Cecelia and Michael's son, testified during a deposition that in January or February 2002, he observed what appeared to be Michael's credit report on his mother's dining room table and that he overheard a telephone conversation between his mother and, he believes, her attorney, during which his mother referred to Michael's credit report. *See* Ben Raymond's Dep. at 14-16.

Mirabella & Kincaid maintain that the subpoenas they issued were not based on information learned from Michael's credit report and that the firm did not use the credit report in

2

any manner. These defendants assert that they issued a subpoena to Homemaker's Furniture because Cecelia told her attorneys that Michael loved the store's furniture and sometimes purchased furniture from the store. Similarly, they claim to have issued a subpoena to Circuit City based on information from Cecelia that Michael had recently purchased a large-screen television from the store.

Professional Claim Bureau's connection to this lawsuit is less clear. PCB is a billing and collection agency based in New York. In his complaint, Michael submits that on December 18, 2001, Frank Rabbitto, a former employee of PCB, obtained a copy of Michael's credit report from Experian without Michael's consent. This contention is based on an October 23, 2003 Experian credit report that lists an inquiry made on December 18, 2001 by someone using PCB's access code. *See* Pl's Ex. 15. PCB's president states that PCB never authorized any employee or agent to access Michael's credit report; he acknowledges that Michael does not have a collection account that is, or has ever been, managed or accepted by PCB. Marcus Affid. ¶¶ 9-10. PCB denies that it ever accessed Michael's credit report in connection with any business or services being performed. *Id.* ¶ 11.

## Discussion

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining whether a genuine issue of material fact exists, the Court must construe all facts and draw all reasonable and justifiable inferences in favor of Michael, the non-moving party on these

3

motions. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The FCRA imposes civil liability on any person who willfully fails to comply with any of FCRA's requirements. 15 U.S.C. § 1681n(a). Though Michael's complaint indicates that he seeks to hold defendants liable for violations of § 1681q, his response brief clarifies that he is suing for violations of § 1681b(f). Reliance on § 1681q, a criminal liability statute, is unnecessary, as the civil liability provisions now cover the act of obtaining a consumer report without a permissible purpose. *See Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002). Specifically, § 1681b(f) provides that "a person shall not use or obtain a consumer report" unless it is obtained for an authorized purpose. *Id.* Michael's failure to identify the applicable FCRA section in his complaint is not fatal to his complaint, as his allegations were sufficient to state a claim under § 1681b(f). *See id.* at 364; Pl's Compl. ¶¶ 15, 23.

To establish liability under § 1681n(a), Michael must prove that there was a consumer report, that defendants used or obtained the report without a permissible statutory purpose, and that the defendants willfully violated the statute. *See Phillips*, 312 F.3d at 364; *see also Hinton v. Trans Union LLC*, No. 03 C 2311, 2004 WL 1114744, at *2 (N.D. Ill. May 4, 2004).

1.   **Professional Claims Bureau's motion for summary judgment**

PCB argues that it is entitled to summary judgment because Michael has failed to produce any evidence showing that PCB obtained a copy of his credit report, much less that it obtained the report for an impermissible purpose. The Court agrees.

Michael speculates that the partial credit report at issue in this case is the Experian credit report purportedly requested by Rabbitto. But he has provided no evidence to support this belief. The report does not contain any indication that it was issued by Experian, nor does it appear to

4

include a date that would tie it to the December 18, 2001 inquiry made by someone at PCB. Moreover, Rick Haas, the custodian of records at Experian testified that because the document is not a full report, he could not ascertain whether the document is from Experian or some other company. *See* Haas Dep. at 65, 75. Thus, Michael has failed to provide evidence from which a jury could infer a link between PCB and the document he claims was obtained for unlawful purposes.

The only evidence Michael has provided that suggests a connection between PCB and this case is the October 2003 Experian report showing that PCB made a credit inquiry about him on December 18, 2001. But Haas testified that this listing alone does not reflect that PCB ever read, printed, or otherwise obtained the credit report. Haas Dep. at 54-56.

Michael has not attempted to show any connection between PCB and Cecelia or the Raymonds' divorce proceedings. On the record before the Court, his assertion that PCB obtained a copy of his credit report that somehow ended up in Cecelia's hands is unsupported by the evidence. To show that there is a genuine issue for trial, Michael must produce specific facts to support his contentions rather than relying on speculation or conclusions without factual support. *Rand v. CF Industries, Inc.*, 42 F.3d 1139, 1146 (7th Cir. 1994).

In short, Michael has failed to provide evidence from which a jury reasonably could conclude that PCB obtained a copy of his credit report for an unauthorized purpose. Accordingly, PCB cannot be held liable for violating the FCRA.

2. **Mirabella & Kincaid's motion for summary judgment**

Though the Mirabella & Kincaid defendants admit to possessing a portion of the report, they contend that they did not violate the FCRA, as they did not willfully obtain or use the

5

report.[1] Mirabella & Kincaid's basic argument is that Michael has no evidence that anyone from the firm asked someone to obtain his credit report or used his credit report for any purpose.

The Court need not address whether Mirabella & Kincaid's passive receipt of the credit report is sufficient to show the firm obtained a report, because Michael has presented evidence sufficient for a jury reasonably to conclude that defendants used the report for an impermissible purpose – to procure information for discovery purposes.[2] Section 1681b(f) uses "obtain" and "use" in the disjunctive, thus Michael must only prove one of these actions to hold defendants liable.

Defendants deny having used the report to generate discovery material and instead assert that they issued subpoenas to Circuit City and Homemaker's Furniture based on information provided to them by Cecelia. A jury may well accept defendants' version of the facts, but Michael offers a plausible alternative supported by reasonable inference from the evidence: the attorneys learned that Michael had accounts with Circuit City and Homemaker's Furniture from the credit report, and based on this information, they decided to issue discovery subpoenas to these companies. Defendants argue that Michael's theory is pure speculation. However, at this

---

[1] The Court notes that Mirabella & Kincaid failed to submit a reply brief and also failed to respond to Michael's statement of additional facts. Thus, pursuant to local rule 56.1, the material facts submitted by Michael are deemed admitted.

[2] Michael also argues that Mirabella & Kincaid should be held liable for obtaining Michael's credit report on a theory of vicarious liability. He makes the creative but thoroughly misguided argument that Cecelia was acting as the firm's agent when she was given authority and responsibility to obtain all documents in her possession relevant to the divorce proceedings. The case cited by Michael, *Pierce v. MacNeal Memorial Hospital Association*, 46 Ill. App.3d 42, 50, 360 N.E.2d 551, 577 (1977), unsurprisingly involves a client's liability for the acts and omissions of her attorney, where the attorney acted as the client's agent, not vice versa. Michael has failed to provide any authority for the proposition that Cecelia, the client, was an agent to the firm and that the firm can thus be held vicariously liable for her obtaining the credit report.

juncture, the Court must draw reasonable inferences in Michael's favor. *Celotex Corp.*, 477 U.S. at 322. There is no dispute that defendants possessed the credit report; it is reasonable to infer that they read the document and obtained their information via that route. Moreover, Ben Raymond testified that he overheard his mother discussing Michael's credit report with someone he believed to be her attorney. Though alone this testimony likely would be insufficient create a genuine issue of fact, it does serve to bolster Michael's position. Michael has therefore raised a genuine issue of material fact over whether Mirabella & Kincaid used his credit report for an unauthorized purpose.

The parties have provided little discussion on the remaining elements, namely, whether the document in question is a credit report and whether defendants willfully violated the statute. The Court readily concludes that a jury could find that the document is a credit report (defendants have not even attempted to provide an alternative theory). And bearing in mind that the Court must view the facts in the light most favorable to Michael, the Court similarly concludes that a reasonable jury could determine that defendants willfully violated the statute. To act willfully, a defendant must knowingly and willfully violate the Act and must also be conscious that its action impinges on the rights of others. *Wantz v. Experian Info. Solutions*, 386 F.3d 829, 834 (7th Cir. 2004). It is reasonable to infer that the defendants, as attorneys, would have known that using the consumer report for an unauthorized purpose violated the FCRA.

In sum, Michael has provided sufficient evidence from which a jury could reasonably conclude that the Mirabella & Kincaid defendants violated § 1681b(f) and can thus be held liable under § 1681n(a).

## Conclusion

For the reasons stated above, the Court grants PCB's motion for summary judgment and denies Joseph Mirabella, George Fredrick, Lynn Mirabella, John Kincaid, and Mirabella & Kincaid, P.C.'s motion for summary judgment. The case is set for a status hearing on October 19, 2005 at 9:30 a.m. Trial counsel are directed to appear.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: October 7, 2005